IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AYLIN ELLENBURG, | |
| PLAINTIFF, | |
| v. | CIVIL ACTION FILE NO.: |
| BLACK CROW VENTURES, LLC d/b/a NORTHGATE STATION; ABC CORPS # 1-3; AND JOHN DOES # 1-3, | |
| DEFENDANTS. | |

## **COMPLAINT**

COMES NOW Plaintiff AYLIN ELLENBURG (hereinafter referred to as "Plaintiff" or "Ellenburg"), and, pursuant to O.C.G.A. § 9-2-61, files this Complaint against the Defendants BLACK CROW VENTURES, LLC D/B/A NORTHGATE STATION; ABC CORPS # 1-3; AND JOHN DOES # 1-3 (hereinafter collectively referred to as "Defendants") and respectfully show the Court as follows:

INTRODUCTION

1.

This suit arises from injuries sustained by Plaintiff AYLIN ELLENBURG, which injuries occurred at the commercial premises located at 30 Northgate Station

1

Drive, Marble Hill, Pickens County, Georgia 30148 (the "Premises") on November 11, 2022 (the "date of incident").

2.

This action is a renewal action filed pursuant to O.C.G.A. § 9-2-61. There are no pending costs associated with the previous action, which was filed in the Superior Court of Pickens County, Georgia and assigned Civil Action File No.: 2023SUCV0102. Additionally, Defendant BLACK CROW VENTURES, LLC d/b/a NORTHGATE STATION (hereinafter referred to as "Black Crow") was properly served in the original/previous action, which was voluntarily dismissed without prejudice on or about March 10, 2025. Additionally, the previous suit was a valid suit, the previous suit had not been dismissed on the merits, and the previous suit was the same or substantially the same cause of action as the present suit. As such, all conditions precedent to re-filing/renewal pursuant to O.C.G.A. § 9-2-61 have been met.

## JURISDICTION & VENUE

3.

This action involves state law claims between completely diverse United States citizens with an amount in controversy exceeding $75,000.00. Jurisdiction is therefore founded upon 28 U.S.C. § 1332(a)(1).

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the subject claims occurred in Pickens County, Georgia, which is situated within the district and divisional boundaries of the Gainesville Division of the Northern District of Georgia, and because the Defendant resides within said District and Division. Plaintiff resides in Miami-Dade County, Florida and hereby submits herself to the jurisdiction and venue of this Court.

5.

All of the parties to this action are subject to the jurisdiction of this Court.

## PARTIES

6.

Plaintiff AYLIN ELLENBURG resides at 7245 Southwest 130th Street, Pinecrest, Miami-Dade County, Florida 33156, and submits herself to the jurisdiction of this court.

7.

Defendant BLACK CROW VENTURES, LLC D/B/A NORTHGATE STATION ("NORTHGATE") is a Domestic Limited Liability Company, existing under the laws of Georgia, with its place of business in Marble Hill, Pickens County, Georgia and may be served through its registered agent Larry K. Hyre at 30 North Gate

Station Drive, Marble Hill, Pickens County, Georgia 30148, and is subject to the jurisdiction of this court. This Defendant may also be served via an Acknowledgement of Service, if agreeable to Defendant.

## FACTUAL ALLEGATIONS

8.

On or about, November 11, 2022, Plaintiff ELLENBURG was an invitee at the Premises owned, operated, managed, and inspected by Defendants located at 30 Northgate Station Drive, Marble Hill, Pickens County, Georgia 30148

9.

On November 1 1, 2022, ELLENBURG was injured when she slipped and fell due to a section of irrigation tubing that was protruding onto the pedestrian walkway on the premises, that Defendants had actual or constructive knowledge of. The location of the hazard was near the retail store Feather and Stone.

10.

Despite constructive and/or actual knowledge of the dangerous condition Defendants took no action to remove or otherwise notice of the irrigation tubing to make it safe for traversal.

11.

At all relevant times, the aforementioned Defendants owned, controlled,

managed, and had exclusive ownership, possession, and control over the floor on the Premises.

12.

As a result of Plaintiff AYLIN ELLENBURG's fall, she suffered injuries that include a fractured femur requiring surgical repair.

13.

Subsequent to Plaintiffs fall, Defendant placed warnings around the exposed irrigation tubing demonstrating the foreseeability of such a warning prior to the fall.

## COUNT 1

## NEGLIGENCE/PREMISES LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

On the date of the incident, Plaintiff was an invitee on the premises pursuant to O.C.G.A. § 51-3-1 and/or all other applicable Georgia law.

16.

Defendants owed a nondelegable duty of reasonable care in keeping the premises and approaches of its property safe for persons like Plaintiff.

17.

Defendants breached their statutory duties to keep their premises safe pursuant to O.C.G.A. § 51-3-1 and/or all other applicable Georgia law.

18.

Plaintiff fell despite the use of ordinary care in exiting the premises.

19.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

20.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior,* agency or apparent agency.

21.

Defendants, by and through their employees, agents, and representatives, breached the statutory duties identified above which were owed to Plaintiff on the date of incident in failing to protect against a foreseeable risk of harm to Plaintiff.

22.

Defendants breach of the statutory duties owed to Plaintiff directly and proximately led to the substantial injuries Plaintiff sustained.

## COUNT 2

## NEGLIGENT TRAINING & SUPERVISION

23.

Plaintiff AYLIN ELLENBURG, realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises, and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

25.

Defendants were negligent in training and supervising their staff.

26.

As a result of Defendant's negligence in training and supervising their employees, Plaintiff AYLIN ELLENBURG was injured on the Premises.

27.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained physical injuries and damages, including physical and mental pain and suffering; past, present and future medical expenses, emotional distress, loss of enjoyment of

7

life, personal inconvenience, and other damages to be determined at trial.

WHEREFORE, Plaintiff AYLIN ELLENBURG prays that she have a trial on all issues and judgment against defendant as follows:

(a) That Plaintiff recover the full value of past and future medical expenses, currently totaling $85,406.00 pending receipt of further expenses, and past and future lost wages in an amount to be proven at trial;

(b) That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That Plaintiff recover such other and further relief as is just and proper;

(d) That all issues be tried before a jury.

Respectfully submitted this 21st day of March, 2025.

        BILL BUCHANAN, LLC

        BY:/s/ William A. Buchanan
         William A. Buchanan
         Georgia Bar No.: 144226
Post Office Box 5581     Attorney for Plaintiff Aylin Ellenburg
Columbus, Georgia 31906
(706) 641-2455
bill@billbuchananlaw.com